Filed 11/29/22 Ferreira v. Cornelius CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| JOSEPH K. FERREIRA, | C095849 |
| Plaintiff and Appellant, | (Super. Ct. No. S-PR-0010635) |
| v. | |
| WILLIAM CORNELIUS, as Trustee, etc., | |
| Defendant and Respondent. | |

This appeal arises out of a dispute related to the administration of a family trust created by plaintiff Joseph K. Ferreira's father. Plaintiff, a self-represented litigant and nominal beneficiary of the trust, challenges the order approving the first interim accounting petition filed by the successor trustee, defendant William Cornelius. Plaintiff contends reversal is required for a number of reasons, including that the trial court erroneously shifted the burden of proof to him to establish the inaccuracy of the accounting, and that the order approving the accounting is not supported by substantial evidence. Disagreeing, we shall affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

*The Family Trust*

In June 2017, plaintiff's father (father) created the Joseph R. Ferreira 2017 Revocable Trust (trust). As relevant here, the trust document provided that, upon father's death, plaintiff was entitled to a distribution of $2,000 from his estate, and that plaintiff's sister, Karen Ferreira Sordillo, was entitled to the entire balance of the residue of the estate after other specified distributions were made. The trust document further provided that Sordillo had the absolute discretion to provide living expenses for plaintiff, not to exceed $10,000 per year, for the remainder of plaintiff's life.

Under the terms of the trust, Cornelius was designated as the successor trustee if father could no longer act in that capacity due to physical or mental incapacity preventing him from giving prompt and intelligent consideration to financial matters, or upon a judicial determination that he was physically or mentally incompetent. The trust document provided that father shall be deemed "incapacitated" when a conservator is appointed for him or when two licensed physicians make an incapacity determination and execute "witnessed and acknowledged written [d]eclarations."

As for the duty to account, the trust document provided that the trustee *may* render an accounting from "time to time" regarding the transactions of the trust by delivering a written accounting to each beneficiary entitled to current income distributions from the trust or a current distribution out of income or principal from the trust in the trustee's discretion.

*Successor Trustee and Father's Death*

In June 2018, Cornelius began acting as the successor trustee after two doctors informed Cornelius that father lacked the mental capacity to manage his financial affairs. At that point, Cornelius was also acting as father's attorney-in-fact under a durable power

2

of attorney.[1]  According to Cornelius, he opened a trust bank account and began acting as the successor trustee with "some urgency" in June 2018 because plaintiff was "raiding" father's bank account without father's knowledge.

In October 2018, a conservator was appointed for father.  According to plaintiff, Cornelius did not become the successor trustee until this occurred.

In April 2020, father died.

*The First Interim Accounting*

In March 2021, plaintiff filed a verified petition to compel an accounting of the trust under Probate Code section 17200[2] and requested further relief, which included, among other things, an order removing Cornelius as the successor trustee due to breaches of the trust and an order invalidating the trust due to undue influence on the part of Cornelius and Sordillo.[3]  As for his request to compel an accounting, plaintiff asserted that he had not received a distribution from the trust, and that Cornelius had failed to provide him a full and complete accounting of the trust in response to written requests he made in May, October, and December 2020.

In June 2021, plaintiff received the first interim accounting, which was prepared by Conservator & Trust Services:  James R. Locke, M.S.  At some point, plaintiff also

---

[1]  Cornelius began acting as father's attorney-in-fact in January 2018.  According to Cornelius, he did not make any "financial transactions" on behalf of father from January 2018 until he became the successor trustee in June 2018.

[2]  Further undesignated statutory references are to the Probate Code.

[3]  Section 17200 provides that a beneficiary of a trust may petition the court concerning the internal affairs of the trust, including proceedings for the purpose of compelling the trustee to account to the beneficiary if the trustee has failed to submit a requested account within 60 days after written request of the beneficiary and no account has been made within six months preceding the request.  (§ 17200, subds. (a), (b)(7)(C).)  A beneficiary may also petition the court to compel "redress of a breach of the trust by any available remedy" (*id*., subd. (b)(12)), and to remove a trustee (*id*. subd. (b)(10)).

3

received a copy of Cornelius's petition for approval of the accounting, which had not been filed yet.

In July 2021, plaintiff filed two separate verified documents asserting numerous objections to the first interim accounting. Among other things, plaintiff argued Cornelius had failed to serve the accounting on one of the named beneficiaries, the petition seeking approval of the accounting was not verified, the accounting did not satisfy "any of the content requirements set forth in pertinent statutes" (e.g., § 16063), and that Cornelius improperly made disbursements from the trust, including disbursements before he became the successor trustee in October 2018 and disbursements that improperly benefitted Sordillo and her friends. Plaintiff also objected to specific account entries on various grounds, and claimed that the accounting failed to mention "most of the trust assets" (including certain bank accounts) and the "secret" disposition of certain trust property (e.g., vehicles, furniture, gun collection, artwork). Finally, plaintiff asserted that "adjudication" of the propriety of the accounting was premature because it would deprive him of the opportunity to conduct meaningful discovery about the administration of the trust.

In August 2021, Cornelius filed a petition for approval of the first interim accounting, which encompassed the time period from June 20, 2018, to December 31, 2020. In support of his petition, Cornelius explained that the accounting period "actually" began on the date father died (i.e., April 14, 2020), since the trust was revocable until that time. However, "in an effort to provide complete transparency," the accounting period set forth in the petition began on the date two doctors found that father lacked the mental capacity to manage his financial affairs--June 20, 2018.[4] Cornelius

---

[4] Beneficiaries do not have a right to an accounting of revocable trust assets. Thus, a trustee need not account to the beneficiaries of a revocable trust until the death or

4

further explained that due to the "ongoing litigation," there had not been a distribution of trust assets to any beneficiary. As of December 31, 2020, the trust's assets exceeded $1.6 million.

In October 2021, plaintiff filed a verified "supplemental opposition" to the first interim accounting, asserting that certain disbursements from the trust must be disallowed and surcharged against the trustee because they were unauthorized, fraudulent, or otherwise illegitimate. Among other things, plaintiff, again, argued that Cornelius made unauthorized disbursements of trust assets prior to becoming the successor trustee in October 2018, and that Cornelius made improper disbursements benefiting Sordillo and her friends.

In January 2022, in anticipation of trial, plaintiff filed a verified document containing his "consolidated objections" to the first interim accounting. These objections were similar to those that plaintiff previously made in his other verified filings.

*Bench Trial*

Three days later, a bench trial was held on the trustee's petition for approval of the first interim accounting. Cornelius filed a trial brief, which is not included in the appellate record. Plaintiff did not file a trial brief or a witness list, as ordered by the trial court. The record discloses that the January 2022 document containing plaintiff's consolidated objections to the accounting was untimely filed and not considered by the trial court. At trial, Cornelius submitted five exhibits for the court's consideration: plaintiff's petition to compel an accounting and request for other relief (e.g., removal of Cornelius as the successor trustee for breaches of the trust), the first interim accounting, the two verified documents plaintiff filed in July 2021 containing his objections to the accounting, and several canceled checks.

---

incompetence of the settlor or the person who can revoke the trust. (See *Estate of Giraldin* (2012) 55 Cal.4th 1058, 1067-1070.)

5

At the outset of the trial, the parties agreed that the "issue" of discovery had been resolved. Thereafter, Cornelius testified as to the first interim accounting. On direct examination, Cornelius testified that he had reviewed the accounting and that, with one exception regarding the trust's interest in certain real property, all of the entries were "appropriate and correct." On cross-examination and recross-examination, plaintiff questioned Cornelius about a variety of issues related to the written objections he made to the accounting prior to trial. In response to questioning by plaintiff, Cornelius explained that, in accordance with the terms of the trust document, he began acting as the successor trustee in June 2018 after two doctors and a psychiatrist informed him that father was incapable of making financial and medical decisions. Later, Cornelius testified that he had the authority to make disbursements from the trust prior to October 2018 because he was acting as father's attorney-in-fact under a durable power of attorney.

No other witness testified at trial, and plaintiff, who appeared remotely, did not proffer any evidence for the trial court's consideration. When the trial court asked plaintiff to articulate his objections to the accounting during the closing argument, he argued that it should not be approved because all of the disbursements Cornelius made prior to October 2018 were unauthorized, as Cornelius did not become the successor trustee until a conservator was appointed for his father in October 2018. When plaintiff was asked whether he objected to any "specific expenses" (i.e., disbursements from the trust), he stated: "Yes. I have already expressed my objections and the basis for those." Immediately thereafter, plaintiff indicated that he had "nothing further" to add.

Following the closing argument, the trial court approved the first interim accounting "as pled." In doing so, the court found that Cornelius had the authority to act as trustee during the challenged time period (i.e., June 2018 to October 2018) "in two separate capacities—one as a trustee upon receipt of the doctors'[] indication that [father] was no longer able to manage his own affairs, and second because he had the powers as a durable power of attorney and acted in that capacity." The court also found that there

6

were no substantial objections to the accounting, since plaintiff indicated during closing argument that he did not have "any objection to any specific expenses made." Consistent with Cornelius's testimony, the court indicated the accounting needed to be modified to clarify that the trust's interest in certain real property was one-third of the value of that property, which was worth approximately $200,000.

The matter was continued as to the other issues raised by plaintiff in connection with his petition to compel an accounting (e.g., plaintiff's breach of trust claims). The continuance was ordered after plaintiff stopped participating in the proceedings due to an unspecified health issue that he claimed required immediate hospitalization.

*Order, Judgment, and Appeal*

In February 2022, the trial court issued a written order and judgment approving the first interim accounting, with the modification as to the trust's interest in certain real property. Plaintiff timely appealed. The case was fully briefed on September 16, 2022, and assigned to this panel shortly thereafter. The parties waived argument and the matter was submitted on November 22, 2022.

**DISCUSSION**

Plaintiff contends reversal is required for a number of reasons, including that the trial court erroneously shifted the burden of proof to him to establish the inaccuracy of the first interim accounting, and the order approving the accounting is not supported by substantial evidence. We disagree.

I

*Relevant Legal Principles*

Probate Code provisions pertaining to the administration of trusts appear at section 16000 et seq. "On acceptance of the trust, the trustee has a duty to administer the trust according to the trust instrument and, except to the extent the trust instrument provides otherwise, according to this division." (§ 16000.) The trustee's codified duties toward beneficiaries also include the duty of loyalty (§ 16002), the duty to deal impartiality with

7

beneficiaries (§ 16003), the duty to avoid conflicts of interest (§ 16004), the duty to control and preserve trust property (§ 16006), the duty to make trust property productive (§ 16007), and the duty to keep beneficiaries of the trust reasonably informed of the trust and its administration and to account to each beneficiary (§§ 16060-16062). A trustee's violation of any duty owed to beneficiaries constitutes a breach of trust. (§ 16400; *Pierce v. Lyman* (1991) 1 Cal.App.4th 1093, 1102.)

Under section 16062, subdivision (a), subject to certain exceptions inapplicable here, a trustee is required to "account at least annually, at the termination of the trust, and upon a change of trustee, to each beneficiary to whom income or principal is required or authorized in the trustee's discretion to be currently distributed." Section 16063 lists the information such an account must contain, including a statement of receipts and disbursements of principal and income, a statement of assets and liabilities, the trustee's compensation, and the agents the trustee has hired, their relationship to the trustee, if any, and their compensation. (§ 16063, subd. (a)(1)-(4); see *Di Grazia v. Anderlini* (1994) 22 Cal.App.4th 1337, 1348 ["at a minimum, a trustee's account or report must contain 'information about the assets, liabilities, receipts, and disbursements of the trust, the acts of the trustee, and the particulars relating to the administration of the trust relevant to the beneficiary's interest' "]; § 1061 [identifying the information that must be provided in summary form in an accounting, including the property on hand at the beginning and end of the accounting period, the value of any assets received, the amount of any receipts of income or principal, the amount of disbursements, and the amount of distributions to beneficiaries]; § 1062 [requiring the summary to be supported by detailed schedules showing, among other things, distributions to beneficiaries, disbursements, including the nature or purpose of each item, the name of the payee, and the date thereof, and similarly receipts showing the nature and purpose of each item, the source of the receipt, and the date thereof].) The petition seeking approval of an accounting must be verified by the person who has the duty to account. (§ 1021, subds. (a), (b).)

8

All matters relating to an accounting may be contested for cause shown. (§ 11001.) Written objections to an accounting must be specific and state the items in the account that are deemed objectionable. (*Estate of Kirkpatrick* (1952) 109 Cal.App.2d 709, 713; *Estate of Wacholder* (1946) 76 Cal.App.2d 452, 455.) In conjunction with an action on a trustee's accounting, beneficiaries may challenge the trustee's actions, including seeking a determination that the trustee's conduct constituted breaches of trust. (*Leader v. Cords* (2010) 182 Cal.App.4th 1588, 1599; *Estate of Fain* (1999) 75 Cal.App.4th 973, 991 [noting that when beneficiaries raise objections to an accounting, they commonly raise surcharge claims against the trustees for " 'purported acts of misconduct, neglect, waste, mismanagement or other breach of fiduciary duty' "].)

In seeking approval of an accounting, the "trustee must present to the trial court satisfactory evidence of the accuracy and propriety of the items in his account." (*Estate of McLaughlin* (1954) 43 Cal.2d 462, 465-466.) If the accounting is contested, it must be resolved at an evidentiary hearing with competent evidence, and the verified petition of the trustee in support of his account is not sufficient to support approval, unless the parties do not object to the use of verified pleadings in evidence and both parties adopt that means of supporting their positions. (*Evangelho v. Presoto* (1998) 67 Cal.App.4th 615, 620; *Estate of Bennett* (2008) 163 Cal.App.4th 1303, 1308-1309.)

At the evidentiary hearing, the evidence submitted by the trustee must show that the " 'disbursements were correct in amount and that the disbursements claimed were for proper purposes . . . .' " (*Neel v. Barnard* (1944) 24 Cal.2d 406, 420 (*Neel*).) "[T]he burden of proof is on [the trustee] and not on the beneficiary; and any doubt arising from [the] failure to keep proper records, or from the nature of the proof [the trustee] produce[d], must be resolved against [the trustee]." (*Estate of McCabe* (1950) 98 Cal.App.2d 503, 505 [trustees have the burden to prove every item of their account by "satisfactory evidence"]; see also *Purdy v. Johnson* (1917) 174 Cal. 521, 527, 531 [same].)

9

While a trustee may have the initial burden of establishing the correctness of the accounting, the trustee does not have the burden of disproving charges of dereliction of duty and malfeasance which do not arise from anything on the face of the accounting but are grounded in other matters. (*Neel, supra*, 24 Cal.2d at p. 420; see *LaMonte v. Sanwa Bank California* (1996) 45 Cal.App.4th 509, 517 [the beneficiary of the trust has the initial burden of proving the existence of a fiduciary duty and the trustee's failure to perform it; the burden then shifts to the trustee to justify its actions].) "The trustee is entitled to the benefit of the presumptions of regularity and good faith." (*Neel,* at p. 421.)

A trial court has broad discretion to determine whether an adequate accounting has been made. (*Estate of Hershel* (1959) 168 Cal.App.2d 658, 660.)

II

*Burden of Proof*

We are unpersuaded by plaintiff's initial contention that the trial court erroneously shifted the burden of proof to him at trial to establish the inaccuracy of the first interim accounting. As evidence of error, plaintiff points to the court's statement at the outset of trial: "[Plaintiff], . . . you are the petitioner here, so . . . you have the burden of proof." However, immediately thereafter, the court agreed with plaintiff that the matter before the court was Cornelius's petition for approval of the first interim accounting. When the trial court asked plaintiff to identify the relief he was seeking, he explained that he "briefed the challenge to the accounting," which he believed would be the "initial proceeding." Shortly thereafter, Cornelius's counsel advised the court that plaintiff had filed a petition seeking various relief, including an order compelling an accounting, removing Cornelius as the successor trustee, and voiding the trust based on undue influence. After further discussion, the parties and the court agreed that Cornelius's petition for approval of the accounting would be considered before plaintiff's petition.

As we have described, Cornelius testified on direct examination that he had reviewed the accounting and that, with one exception regarding the trust's interest in

10

certain real property, all of the entries were "appropriate and correct." On cross-examination and recross-examination, plaintiff questioned Cornelius about a variety of issues related to the written objections he had made to the accounting prior to trial. After Cornelius was excused, the trial court directed plaintiff to present his closing argument first, since he was challenging the adequacy of the accounting and it was unclear to the court what specific accounting entries he was objecting to. In response, plaintiff argued that all of the disbursements from the trust prior to October 2018 should not be approved because Cornelius had no authority to make those disbursements, as Cornelius did not become the successor trustee until October 2018 (i.e., until the conservator was appointed for father). When plaintiff was asked whether he objected to "any of the specific expenses" (i.e., disbursements) set forth in the accounting, he stated only that he had "already expressed" his objections and their bases and he had "nothing further" to add.

In approving the accounting, the trial court explained that it had reviewed "all of the prior objections" and found that Cornelius *did* have the authority to act as successor trustee during the challenged time period (i.e., June 2018 to October 2018). The court further explained that it had reviewed the entire accounting and found that it was adequate. In so finding, the court noted that there were "no substantial objections," as plaintiff did not object to "any specific expenses made" (i.e., disbursements) set forth in the accounting.

In our view, the record does not support the conclusion that the trial court misallocated the burden of proof at trial. The issue to be decided by the court was whether the first interim accounting satisfied the requirements of the Probate Code. In that regard, Cornelius had the burden to present sufficient testimony and other evidence to support the accuracy and propriety of the items memorialized in the accounting. The record reflects that the trial court considered the evidence presented at trial and rejected plaintiff's challenges to the adequacy of the accounting. In short, we are convinced the

11

trial court found that Cornelius carried his initial burden of proof on the accounting, and that plaintiff failed to demonstrate that any of his objections to the accounting had merit.

*Purdy v. Johnson, supra*, 174 Cal. 521, on which plaintiff relies, does not compel a contrary result. In *Purdy*, the beneficiary alleged trust mismanagement, including failures to account and comingling of trust and personal assets. (*Id*. at p. 524.) The trustees *admitted* to errors in the accounting and presented the court with a restated account created by an expert accountant. At trial, the trustees did not testify on direct examination, but were subject to cross-examination by the beneficiary. (*Id*. at pp. 526-527.) Our Supreme Court found this procedure "irregular," stating: "The entire trial was conducted upon the erroneous theory that the burden of proof was upon the beneficiary to point out the particulars in which the account was erroneous, and that she was bound to go forward and establish affirmatively the impropriety of the charges and credits which she assailed. Such is not the law." (*Id*. at p. 527.) Although the trial court found that the trustees had acted in good faith and without any intent to deceive or overreach, our high court found this fact insufficient to preclude a finding of liability. (*Ibid*.) The *Purdy* court explained: "[C]onceding the good faith of the trustees, the fact remains that they had, by their own admission, failed to comply with the obligation which rests upon all trustees to keep full and accurate accounts of the trust funds coming into their hands, and to render an account thereof to their beneficiaries. [¶] 'Trustees are under an obligation to render to their beneficiaries a full account of all their dealings with the trust fund [citations], and where there has been *a negligent failure to keep true accounts, or a refusal to account*, all presumptions will be against the trustee upon a settlement.' " (*Ibid*., italics added.) In remanding for retrial, the *Purdy* court reiterated that "it is the duty of the trustees to support every item of their account, and that, wherever they fail to support the correctness of a charge or a credit by satisfactory evidence, the item must be disallowed." (*Id*. at p. 531.)

12

Here, unlike in *Purdy*, the trial court did not find that there was a refusal to account or a negligent failure to keep a full and accurate account of the trust funds, and the record does not support any such finding. And, unlike in *Purdy*, the trustee in this case testified on direct examination that he had reviewed the accounting and that, with one exception regarding the trust's interest in certain real property, all of the entries were "appropriate and correct." We find that *Purdy* is distinguishable and does not support reversal here, where the trial court found Cornelius had presented satisfactory evidence that one item in the accounting needed to be clarified/corrected and that the other items memorialized therein were correct. And, as we have discussed, the bench trial was not conducted upon the "erroneous theory" that plaintiff had the burden of proof to affirmatively establish the inaccuracy of the accounting.

III

*Sufficiency of the Evidence*

Next, we consider plaintiff's contention that reversal is required because substantial evidence does support the order approving the first interim accounting. As we shall explain, plaintiff has failed to demonstrate reversible error.

A. *Standard of Review*

" 'Under the substantial evidence standard of review, "we must consider all of the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference, and resolving conflicts in support of the [findings]." ' " (*Estate of Kampen* (2011) 201 Cal.App.4th 971, 992.) We may not reweigh or resolve conflicts in the evidence or redetermine the credibility of witnesses. (*Citizens Business Bank v. Gevorgian* (2013) 218 Cal.App.4th 602, 613.) We liberally construe the court's findings of facts, whether express or implied. (*Ibid.*) Even the testimony of a single witness may be sufficient to constitute substantial evidence. (*Ibid.*)

A fundamental principle of appellate review is that we must presume the judgment is correct unless error is " 'affirmatively shown.' " (*Denham v. Superior Court* (1970)

13

2 Cal.3d 557, 564.) The burden, therefore, rests on the appellant to demonstrate error. (*Boyle v. CertainTeed Corp*. (2006) 137 Cal.App.4th 645, 649-650). That burden includes providing the appellate court with legal argument and citations to authority on each point raised. (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368.) When the appellant asserts a point but fails to support it with reasoned argument and citations to authority, the appellate court may treat it as forfeited and pass it without consideration. (*People v. Stanley* (1995) 10 Cal.4th 764, 793; *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.)

B. *Analysis*

We find no merit in plaintiff's contention that reversal is required because the petition for approval of the first interim accounting had no evidentiary value, as it was not properly verified. As previously indicated, a petition seeking approval of an accounting must be verified by the person who has the duty to account. (§ 1021, subds. (a), (b).) A verification must be made "under penalty of perjury" if executed within California or "under penalty of perjury under the laws of the State of California" if executed within or without California. (Code Civ. Proc., § 2015.5.) Here, Cornelius's verification stated that the accounting was true and correct, but did not state that it was executed in California or that it was executed "under penalty of perjury under the laws of the State of California." However, Cornelius testified under oath at trial and verified the accuracy of the accounting. Thus, his failure to comply with the statutory verification requirement was cured. Moreover, it would have been error for the trial court to deny Cornelius's petition on the ground that it was not properly verified without providing him an opportunity to amend the petition. (See *Finkbeiner v. Gavid* (2006) 136 Cal.App.4th 1417, 1422 [trial court erred in not allowing successor trustee to amend a petition where

14

the verification's failure to state that it was under penalty of perjury "appear[ed] to be a clerical error"].)**5**

Equally without merit is plaintiff's conclusory contention that the first interim accounting was inadequate because it did not show the *purpose* of *any* expenditure (i.e., disbursement). As an initial matter, plaintiff forfeited this argument by failing to demonstrate that it was properly raised in the trial court. (*Sea & Sage Audubon Society, Inc. v. Planning Com.* (1983) 34 Cal.3d 412, 417 [" 'issues not raised in the trial court cannot be raised for first time on appeal' "]; see also *Morgan v. Imperial Irrigation Dist.* (2014) 223 Cal.App.4th 892, 914.) In any event, a review of the accounting reveals that it identifies the payee and purpose of each disbursement. Plaintiff, for his part, has not pointed to any specific entry or set of entries in the accounting and established that they are deficient in the manner he claims by means of meaningful argument supported by citation to pertinent authority. We are not required to consider undeveloped claims or to supply arguments for an appellant. (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52; see *Kaufman v. Goldman* (2011) 195 Cal.App.4th 734, 743 [appellate court may treat as forfeited any argument not "supported by both coherent argument and pertinent legal authority"].)

---

**5** We note that neither party objected to the *use* of verified petitions or affidavits, and both parties relied on such documents in support of their positions at trial. Thus, under the circumstances presented, the trial court properly considered the petition for approval of the first interim accounting. (See *Estate of Bennett, supra*, 163 Cal.App.4th at pp. 1308-1309 [restrictions on the use of verified petitions or affidavits in contested probate hearings is inapplicable when the parties do not object to the use of affidavits in evidence and both parties adopt that means of supporting their positions]; *Evangelho v. Presoto, supra*, 67 Cal.App.4th at p. 620 [same].)

15

IV

*Remaining Issues*

As we next explain, we find no merit in the remaining contentions plaintiff has raised on appeal.

We reject plaintiff's contention that the trial court committed reversible error by approving trust disbursements that occurred during a four-month period--June 2018 to October 2018--when Cornelius was not authorized to do so under the terms of the trust instrument. According to plaintiff, Cornelius did not have the authority to act as successor trustee until a conservator was appointed for his father in October 2018. Regardless of the accuracy of that point, we see no basis for reversal.

On an accounting for a trust, the trustee has the burden to establish the correctness of his accounts, but " '[t]his rule goes merely to items in the account,' " and " 'does not require the trustee to anticipate and defend against charges of dereliction of duty and malfeasance which do not arise from anything on the face of his accounts but are grounded on other matters.' " (*Neel, supra*, 24 Cal.2d at p. 420.) Here, because the proceedings below *only concerned* the issue of whether the first interim accounting should be approved, the trial court did not need to reach the issue of whether Cornelius had the authority to act as successor trustee during the challenged time period. The question before the court was whether the items in the accounting were correct and for a proper purpose. Plaintiff has failed to establish prejudicial error.

We also reject plaintiff's contention that reversal is required due to the trial court's failure to recognize the "contested issues to be adjudicated" and to consider "properly filed documents." The record discloses that plaintiff did not file a trial brief as ordered by the court. As such, we cannot fault the court for being unclear as to plaintiff's position with respect to the approval of the first interim accounting. In any event, the record reflects that plaintiff cross-examined Cornelius at trial, and was given the opportunity to present evidence and raise specific objections to the accounting, including

16

the objections he asserted in the verified documents he filed prior to trial. As noted *ante*, when plaintiff was asked during closing argument whether he objected to any of the "specific expenses" (i.e., disbursements) set forth in the accounting, he stated that he had already "expressed his objections and the basis for those," and that he had "nothing further" to add. And plaintiff did not object when the court found that there were "no substantial objections" to the accounting because plaintiff indicated in the closing argument that he did not have "any objection to any specific expenses made."

"[A] reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court. [Citation.] The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected." (*In re S.B.* (2004) 32 Cal.4th 1287, 1293, fn. omitted.) But even if we were to overlook forfeiture, plaintiff has not shown that any of the objections he asserted in his pretrial filings had merit, let alone prejudice from the trial court's failure to specifically rule on any of them. (*Carolina Casualty Ins. Co. v. L.M. Ross Law Group, LLP* (2012) 212 Cal.App.4th 1181, 1196-1197 [prejudice will not be presumed; burden rests with the party claiming error to demonstrate not only error, but also resulting miscarriage of justice].)

Finally, we reject plaintiff's contention that the trial court committed reversible error by approving an accounting that failed to include "bank account trust assets." Upon questioning by plaintiff at trial, Cornelius acknowledged there were several bank accounts father "owned" at the time the trust was created which were not included in the accounting. Cornelius, however, explained that these accounts were not part of the trust. When asked, plaintiff conceded that these accounts were not "part of the trust," but later claimed that they were "omissions from the trust accounting that were clearly trust assets." A review of the trust document confirms that the bank accounts referenced by plaintiff at trial are not among the assets father assigned to the trust. Plaintiff offered no evidence at trial supporting a contrary conclusion. On appeal, he merely asserts, as he

did in the untimely filed January 2022 document containing his "consolidated objections" to the accounting, that seven "bank account trust assets" were improperly omitted from the accounting. However, the trust document reflects that none of those bank accounts were assigned to the trust. In short, plaintiff has made no showing that the accounting petition should have been denied based on the omission of any bank account from the accounting.[6]

## DISPOSITION

The order and judgment approving the first interim accounting is affirmed. Cornelius shall recover his costs on appeal. (Cal. Rules of Court, rule 8.278(a).)


                                          /s/
                                     Duarte, J.


We concur:


      /s/
Robie, Acting P.J.


      /s/
Hull, J.

---

[6] We need not and do not consider the argument plaintiff raised for the first time in his reply brief. (*High Sierra Rural Alliance v. County of Plumas* (2018) 29 Cal.App.5th 102, 111, fn. 2 ["New arguments may not be raised for the first time in an appellant's reply brief"]; *Telish v. State Personnel Bd.* (2015) 234 Cal.App.4th 1479, 1487, fn. 4 ["An appellant's failure to raise an argument in the opening brief waives the issue on appeal"].)